1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARNELL A. LEAVY,

        Plaintiff,

    v.

J. OSEGUERA, et al.,

        Defendants.

Case No. 25-cv-03585-KAW (PR)

**ORDER OF SERVICE**

## I.    INTRODUCTION

Plaintiff Carnell A. Leavy, who is currently in custody at High Desert State Prison ("HDSP"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights by prison officials at San Quentin Rehabilitation Center, which was formerly called San Quentin State Prison ("SQSP") during the time frame he was previously incarcerated at that prison. This matter has been assigned to the undersigned Magistrate Judge. Plaintiff has filed a motion for leave to proceed *in forma pauperis*, which will be granted in a separate written order. Dkt. 2.

Plaintiff has also filed another motion entitled, "Motion for Court Order to Issue Order to HDSP To Stop Obstructing Access to Court." Dkt. 5. Such a request is DENIED without prejudice to Plaintiff filing such claims in a complaint in the United States District Court for the Eastern District of California, which is the correct venue to file any challenges to his conditions of confinement at HDSP.

In the present complaint, Plaintiff names the following SQSP prison officials in both their individual and official capacities: Correctional Officers J. Oseguera and Grimes; Correctional

1    Sergeant Tran; and John Does #1 and #2.[1]  Dkt. 1 at 1-2.[2]  Plaintiff seeks monetary and punitive

2    damages.  *Id.* at 3, 13-14.

3           Venue is proper because the events giving rise to the claims are alleged to have occurred at

4    SQSP, which is located in this judicial district.  *See* 28 U.S.C. § 1391(b).

5    **II.    BACKGROUND**

6           Plaintiff alleges the following in his complaint:

7           Plaintiff claims that on June 24, 2024, he was wearing a "beanie cap[,] shoes[,] with his

8    shirt and shorts over his shoulder" and was stopped at a "check point" by Defendant John Doe #1,

9    who informed Plaintiff that there was "no personal clothes on the yard due to [a] Norteño inmate

10   [who] attempt[ed] to smuggle contraband."  Dkt. 1 at 4.  Plaintiff argued with Defendant John Doe

11   #1 and "provoked [Defendant John Doe #1] to become very angry—throwing [Plaintiff's] beanie

12   cap and clothes to the floor/ground stating: 'Fuck you, mother fucker.'"  *Id.* at 5.  Defendant Tran

13   started to pick up Plaintiff's clothes on the floor, but Plaintiff stopped Defendant Tran and

14   demanded that Defendant John Doe #1 pick up the clothes.  *Id.*  Defendant John Doe #1 refused

15   and denied Plaintiff yard access.  *Id.*  Plaintiff claimed that he told Defendant John Doe #1 that he

16   was "going to [be] cell extract[ed] to bring attention to this."  *Id.* at 5-6.  SQSP officers then

17   placed Plaintiff back in his cell and opened the tray slot to remove his handcuffs.  *Id.*at 6.  Plaintiff

18   claims that "when the cuffs were removed from [his] left wrist[,] [he] attempted to snatch the

19   handcuffs into the cell with his right wrist."  *Id.*  However, the "cuff key was still inside the cuffs

20   [and] attached to a key chain tied to [Defendant Oseguera's] waist which prevented the cuffs from

21   going into the cell."  *Id.*  Plaintiff claims that "[o]nce [he] realized his attempt to bring upper

22   officials to his cell by snatching the cuffs" failed, he gave in and "stuck his right hand out of the

23   tray port to relinquish the cuff" and said, "Okay[,] here."  *Id.*  However, Defendant John Doe #2

24   _____

25          [1] In the body of the complaint, Plaintiff names another SQSP officer, but his handwriting is
     difficult to decipher.  *See* Dkt. 1 at 12.  Plaintiff refers to a SQSP officer named "Djonorh" though
26   this officer is not named as a defendant in either the caption or the "Parties" section of the
     complaint form.  *See id.* at 1-2.  Thus, at this time, the Court will not consider SQSP Correctional
27   Officer "Djonorh" as a named defendant.

28          [2] Page number citations refer to those assigned by the Court's electronic case management
     filing system and not those assigned by Plaintiff.

United States District Court
Northern District of California

1    "delivered 3 to 4 powerful blows/strikes to [Plaintiff's] right hand and wrist with the baton . . .
2    sending [an] excruciating sting like pain throughout [his] entire upper body." *Id.* at 6-7. Plaintiff
3    suffered "four bloody cut open fingers/knuckles and [a] knot on the right hand that[']s now
4    permanent." *Id.* at 7. Plaintiff claims that he was "taken to see medical [where] his fingers were
5    cleaned of blood [and] ointment applied and bandaged." *Id.*

6        The next day, June 25, 2024, Plaintiff was transferred to HDSP "on special transport [due]
7    to the pain [as] it was extremely hard for [him] to write[,] wipe himself after [using the] toilet[,] or
8    make a tight fist." *Id.*

9        Plaintiff lists the following claims in his complaint: Defendant John Doe #2 used excessive
10   force when he hit Plaintiff's right hand with a baton three to four times while Defendant John Doe
11   #1 as well as Defendants Tran, Grimes, and Oseguera failed to intervene and "refus[ed] to
12   name/identify Defendants John Does #1 and #2 adhering to [a] code of silence." *Id.* at 8-12.

13   **III.    DISCUSSION**

14       **A.    Standard of Review**

15       A federal court must conduct a preliminary screening in any case in which a prisoner seeks
16   redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
17   § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims
18   that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek
19   monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se*
20   pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th
21   Cir. 1988).

22       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
23   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
24   the alleged violation was committed by a person acting under the color of state law. *West v.*
25   *Atkins*, 487 U.S. 42, 48 (1988).

26       Liability may be imposed on an individual defendant under section 1983 if the plaintiff can
27   show that the defendant proximately caused the deprivation of a federally protected right. *Leer v.*
28   *Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Cir. 1981).  A person deprives another of a constitutional right within the meaning of section 1983

2    if he does an affirmative act, participates in another's affirmative act or omits to perform an act

3    which he is legally required to do, that causes the deprivation of which the plaintiff complains.

4    *Leer*, 844 F.2d at 633; *see, e.g.*, *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison

5    official's failure to intervene to prevent Eighth Amendment violation may be basis for liability).

6    The inquiry into causation must be individualized and focus on the duties and responsibilities of

7    each individual defendant whose acts or omissions are alleged to have caused a constitutional

8    deprivation.  *Leer*, 844 F.2d at 633.

9         A supervisor may be liable under section 1983 upon a showing of (1) personal

10   involvement in the constitutional deprivation or (2) a sufficient causal connection between the

11   supervisor's wrongful conduct and the constitutional violation.  *Redman v. County of San Diego*,

12   942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted).  A supervisor therefore generally

13   "is only liable for constitutional violations of his subordinates if the supervisor participated in or

14   directed the violations, or knew of the violations and failed to act to prevent them."  *Taylor v. List*,

15   880 F.2d 1040, 1045 (9th Cir. 1989).  "'Supervisory liability is imposed against a supervisory

16   official in his individual capacity for his own culpable action or inaction in the training,

17   supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations

18   of which the complaint is made, or for conduct that showed a reckless or callous indifference to

19   the rights of others.'"  *Preschooler II v. Davis*, 479 F.3d 1175, 1183 (9th Cir. 2007) (citations

20   omitted).  Evidence of a prisoner's letter to an administrator alerting him to a constitutional

21   violation is sufficient to generate a genuine issue of material fact as to whether the administrator

22   was aware of the violation, even if he denies knowledge and there is no evidence the letter was

23   received.  *Jett*, 439 F.3d at 1098.  Evidence that a prison supervisor was personally involved in an

24   unconstitutional transfer and denied all appeals of the transfer, for example, may suffice.

25   *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *see also Watkins v. City of Oakland*, 145

26   F.3d 1087, 1093 (9th Cir. 1998) (supervisor who signed internal affairs report dismissing

27   complaint against officer despite evidence of officer's use of excessive force may be liable for

28   damages).

### B.    Legal Claims

#### 1.    Eighth Amendment – Excessive Force

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). "The infliction of pain in the course of a prison security measure, therefore, does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." *Whitley v. Albers*, 475 U.S.312, 319 (1986).

Liberally construed, Plaintiff's complaint states a cognizable Eighth Amendment claim, relating to the use of excessive force against Defendant John Doe #2 as well as the failure to intervene against Defendants Tran, Grimes, and Oseguera and John Doe #1.

#### 2.    Claims Against Doe Defendants

As mentioned above, Plaintiff names Defendant John Does #1 and #2, whose names he intends to learn through discovery. Dkt. 1 at 2.

Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespie*, 629 F.2d at 642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986).

Plaintiff must provide to the Court the names of Defendants John Does #1 and #2 by the date scheduled in this Order for any served Defendant to file a dispositive motion. Failure to do so will result in dismissal of Defendants John Does #1 and #2 without prejudice to Plaintiff filing a new action against them.

## IV.   CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      Plaintiff's motion entitled, "Motion for Court Order to Issue Order to HDSP To Stop Obstructing Access to Court" is DENIED without prejudice to Plaintiff filing his claims in a complaint in the United States District Court for the Eastern District of California, which is the correct venue to file any challenges to his conditions of confinement at HDSP.  Dkt. 5.

2.      Plaintiff's complaint states a cognizable excessive force claim against Defendant John Doe #2 and against Defendants Tran, Grimes, and Oseguera and John Doe #1 for failure to intervene during the June 24, 2024 incident.  Plaintiff must provide to the Court the names of Defendants John Does #1 and #2 by the date scheduled in this Order for any served Defendant to file a dispositive motion.  **Failure to do so will result in dismissal of Defendants John Doe #1 and #2 without prejudice to Plaintiff filing a new action against them.**

3.      The following Defendant(s) shall be served: **Correctional Officers Grimes and J. Oseguera; and Correctional Sergeant Tran at SQSP.**

Service on the listed Defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service pilot program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint, this order of service, the notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form, a CDCR Report of E-Service Waiver form and a summons.

No later than **forty (40) days** after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which Defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which Defendant(s) decline to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver and of the notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form to the California Attorney

United States District Court
Northern District of California

General's Office, which, within **twenty-one (21) days**, shall file with the Court a waiver of service of process for the Defendant(s) who are waiving service and, within **twenty-eight (28) days** thereafter, shall file a magistrate judge jurisdiction consent or declination to consent form as to the Defendant(s) who waived service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 form and copies of this order, summons, operative complaint and notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form for service upon each defendant who has not waived service.  The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

The clerk shall also mail a copy of the operative complaint and a copy of this order to the State Attorney General's Office in San Francisco.  Additionally, the clerk shall mail a copy of this order to Plaintiff.

4.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires Defendants to cooperate in saving unnecessary costs of service of the summons and complaint.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the CDCR provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  If Defendants have not waived service and have instead been served by the USMS, then Defendants shall serve and file an answer within **twenty-one (21) days** after being served with the summons and complaint.

5.    Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

a.    No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion must be

1   supported by adequate factual documentation, must conform in all respects to Federal Rule of

2   Civil Procedure 56, and must include as exhibits all records and incident reports stemming from

3   the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[3] notice

4   so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to

5   oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out

6   in Rand must be served concurrently with motion for summary judgment).  A motion to dismiss

7   for failure to exhaust available administrative remedies must be accompanied by a similar notice.

8   However, the Court notes that under the new law of the circuit, in the rare event that a failure to

9   exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule

10  12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.

11  *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315

12  F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative

13  remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a

14  defendant as an unenumerated Rule 12(b) motion).  Otherwise if a failure to exhaust is not clear on

15  the face of the complaint, Defendants must produce evidence proving failure to exhaust in a

16  motion for summary judgment under Rule 56.  *Id.*  If undisputed evidence viewed in the light most

17  favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment

18  under Rule 56.  *Id.*  But if material facts are disputed, summary judgment should be denied and the

19  judge rather than a jury should determine the facts in a preliminary proceeding.  *Id.* at 1168.

20       If Defendants are of the opinion that this case cannot be resolved by summary judgment,

21  they shall so inform the Court prior to the date the summary judgment motion is due.  All papers

22  filed with the Court shall be promptly served on Plaintiff.

23       b.    Plaintiff's opposition to the dispositive motion shall be filed with the Court

24  and served on Defendants no later than **twenty-eight (28) days** after the date on which

25  Defendants' motion is filed.

26       c.    Plaintiff is advised that a motion for summary judgment under Rule 56 of

27

28
_____

[3] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

United States District Court
Northern District of California

the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendants argue that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court.  Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents— documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein.  As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again

9

1    concurrently with motions to dismiss for failure to exhaust available administrative remedies and

2    motions for summary judgment.  *Woods*, 684 F.3d at 935.)

3          d.      Defendants shall file a reply brief no later than **fourteen (14) days** after the

4    date Plaintiff's opposition is filed.

5          e.      The motion shall be deemed submitted as of the date the reply brief is due.

6    No hearing will be held on the motion unless the Court so orders at a later date.

7    6.    Discovery may be taken in this action in accordance with the Federal Rules of Civil

8    Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to

9    depose Plaintiff and any other necessary witnesses confined in prison.

10    7.    All communications by Plaintiff with the Court must be served on Defendants or

11    their counsel, once counsel has been designated, by mailing a true copy of the document to them.

12    8.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

13    informed of any change of address and must comply with the Court's orders in a timely fashion.

14    Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes

15    while an action is pending must promptly file a notice of change of address specifying the new

16    address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail

17    directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and

18    (2) the Court fails to receive within sixty days of this return a written communication from the *pro*

19    *se* party indicating a current address.  *See* L.R. 3-11(b).

20    9.    Upon a showing of good cause, requests for a reasonable extension of time will be

21    granted provided they are filed on or before the deadline they seek to extend.

22    10.    This Order terminates Docket No. 5.

23    IT IS SO ORDERED.

24    Dated: November 12, 2025

25

26    KANDIS A. WESTMORE
      United States Magistrate Judge

27

28

United States District Court
Northern District of California